**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CATHERINE M. RIGA,**

          **Plaintiff,**

**-vs-**                                                      **Case No. 6:08-cv-2023-Orl-28GJK**

**CURASCRIPT PHARMACY, INC., and**
**EXPRESS SCRIPTS, INC.,**

          **Defendants.**

_____

## ORDER

Plaintiff, Catherine M. Riga, proceeding pro se, brought the instant action against Defendants CuraScript, Inc. ("CuraScript") and Express Scripts, Inc. ("ESI"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"). This cause is now before the Court on the Motion for Summary Judgment (Doc. 45) filed by Defendants. The Plaintiff has not filed a Response, and the time for doing so has now passed. After a review of the motion and the record evidence, the Court finds that Defendants' motion is well taken.

### I. Background

CuraScript, a subsidiary of ESI, provides specialty medications and support to chronically ill individuals. (Pruitt Decl. ¶ 3). In Orlando, CuraScript has a Patient Admissions Center ("PAC") where the processing of prescriptions is conducted by various teams. (Id. ¶ 4). Plaintiff, a Caucasian female, began her employment with CuraScript at the PAC as

a Patient Admissions Coordinator with the Schedule First Order ("SFO") team in March 2006. As an SFO coordinator, Plaintiff's job required that she call patients and explain prescription drug benefits and co-pays and that she coordinate with doctors' offices regarding patients' prescriptions. Plaintiff received two written warnings in January 2007 for, among other things, inappropriate communications with patients. (See Pruitt Decl. ¶¶ 22, 24; Reidel Decl. ¶¶ 18, 20). Then, after Plaintiff provided incorrect co-pay information to a patient and became hostile towards Angela Eady, an SFO team leader assigned to assist Plaintiff, while Eady attempted to discuss Plaintiff's error with her, (Hilliard Decl. ¶¶ 8-10). Plaintiff was fired effective February 7, 2007. (Id.). Plaintiff filed her Complaint with this Court on December 2, 2008 after receiving a right-to-sue letter from the Equal Employment Opportunity Commission on September 3, 2008.

## II. Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party bears the burden of establishing that no genuine issues of material fact remain. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When faced with a "properly supported motion for summary judgment, [the nonmoving party] must come forward with specific factual evidence, presenting more than mere allegations." Gargiulo v. G.M. Sales, Inc., 131 F.3d 995, 999 (11th Cir. 1997). However, the failure to respond and create a factual dispute by the nonmoving party "does not automatically authorize the entry of summary judgment for the moving party." Dixie

Stevedores, Inc. v. Marinic Maritime, Ltd., 778 F.2d 670, 673 (11th Cir. 1985). "Rule 56 requires the moving party to demonstrate the absence of a genuine issue of fact." Id.

In ruling on a motion for summary judgment, the Court construes the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. Some degree of factual dispute is expected, but to defeat a motion for summary judgment the factual dispute must be material and genuine. That is, the factual evidence must "affect the outcome of the suit" and must be "such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### III. Analysis

Plaintiff alleges that Defendants terminated her employment because of her race in violation of Title VII. (Doc. 22 at 1). Title VII makes it unlawful for an employer "to fail or refuse to hire . . . any individual, or otherwise to discriminate against any individual . . . because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). "On any Title VII claim the plaintiff bears 'the ultimate burden of proving discriminatory treatment by a preponderance of the evidence.'" Crawford v. Carroll, 529 F.3d 961, 975 (11th Cir. 2008) (citing Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir.1990)). When, as in a case such as this, a plaintiff presents no direct evidence of discrimination, the Court evaluates a plaintiff's circumstantial evidence of race discrimination under the framework established by the U.S. Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Harris v. Shelby

County Bd. of Educ., 99 F.3d 1078, 1082-83 (11th Cir. 1996).

Under the McDonnell Douglas framework, a plaintiff must first establish a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802. For claims of racial discrimination, a plaintiff establishes a prima facie case by showing that (1) he belongs to a protected class; (2) he was qualified to do the job; (3) his employer treated similarly situated employees outside his class more favorably; and (4) he was subjected to a materially adverse action. See Hall v. Ala. Ass'n of Sch. Bds., 326 F.3d 1157, 1166 (11th Cir. 2003); see also Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006). "Demonstrating a prima facie case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination." Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997).

Once a plaintiff has established his prima facie case, the burden then shifts to the defendant to produce a "legitimate, nondiscriminatory reason" for the allegedly discriminatory employment action. McDonnell Douglas, 411 U.S. at 804. "If the employer meets this burden of production, the presumption of discrimination is eliminated and the plaintiff must then establish that each of the defendant's proffered reasons is pretextual." Jackson v. Ala. State Tenure Comm'n, 405 F.3d 1276, 1289 (11th Cir. 2005). "The inquiry into pretext requires the court to determine, in view of all the evidence, 'whether the plaintiff has cast sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered legitimate reasons were not what actually motivated its conduct.'" Crawford, 529 F.3d at 976 (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1538 (11th Cir.1997)).

Defendants argue that Plaintiff has failed to establish a prima facie case for race discrimination because she cannot demonstrate that she was treated less favorably than any similarly situated individual of another race. (Doc. 45 at 20-21). "In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Silvera v. Orange County Sch. Bd., 244 F.3d 1253, 1259 (11th Cir. 2001) (quotations omitted). "The most important factors in the disciplinary context . . . are the nature of the offenses committed and the nature of the punishments imposed." Id. (quotations omitted). "In order to satisfy the similar offenses prong, the comparator's misconduct must be nearly identical to the plaintiff's in order 'to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges.'" Id. (quoting Maniccia v. Brown, 171 F.3d 1364, 1368-69 (11th Cir. 1999)). In the instant case, Plaintiff has not identified any person of another race who demonstrated similar inappropriate behavior towards patients. Accordingly, Plaintiff has not shown that she was treated less favorably than a similarly situated individual of another race and has failed to establish a prima facie case.[1]

Additionally, Defendants contend that even if this Court assumed that Plaintiff had established a prima facie case, they have presented a legitimate nondiscriminatory reason for terminating Plaintiff and she cannot present an issue as to whether that proffered reason

---

[1]Defendants also argue that Plaintiff failed to establish that she was qualified for her position. (Doc. 45 at 19). However, the Court does not address this argument because it finds that Plaintiff has not identified a similarly situated individual who was treated more favorably.

is merely a pretext for discrimination. Defendants' proffered nondiscriminatory reason for terminating Plaintiff's employment is that Defendants believed Plaintiff's work performance was unsatisfactory given that she demonstrated multiple instances of unprofessional conduct towards patients and her co-workers. "An employer's good faith belief that an employee's performance is unsatisfactory constitutes a legitimate nondiscriminatory reason for termination." Clark v. Coats & Clark, Inc., 990 F.2d 1217, 1228 (11th Cir. 1993). Defendants have met their burden of articulating a nondiscriminatory reason for terminating Plaintiff's employment.

"[A] Title VII plaintiff may defeat a motion for summary judgment by undermining the credibility of a defendant's explanation for its actions." Arrington v. Cobb County, 139 F.3d 865, 875 (11th Cir. 1998). "[T]o avoid summary judgment [the plaintiff] must introduce significantly probative evidence showing that the asserted reason is merely a pretext for discrimination." Clark, 990 F.2d at 1228. Because Plaintiff has presented no evidence to rebut Defendants' proffered reason, the Court finds that Plaintiff has failed to raise a material issue of fact regarding pretext.

Because Plaintiff has neither established a prima facie case of race discrimination nor cast sufficient doubt upon the Defendants' proffered legitimate reason, the Court finds that Defendants' motion for summary judgment must be granted.

### IV. Conclusion

In accordance with the foregoing discussion, it is hereby **ORDERED** as followed:

1. Defendants' Motion for Summary Judgment (Doc. 45) is **GRANTED**.

2. The Clerk is directed to enter a judgment providing that Plaintiff shall take nothing

in this action.  Thereafter, the Clerk shall close this file.

**DONE** and **ORDERED** in Orlando, Florida this 8th day of April, 2010.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party