# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CATHERINE M. RIGA,**

        **Plaintiff,**

**-vs-**                                              **Case No. 6:08-cv-2023-Orl-28GJK**

**CURASCRIPT PHARMACY, INC.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS AND AFFIDAVIT (Doc. No. 53)** |
| **FILED:** | **May 7, 2010** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

On March 6, 2009, Catherine M. Riga ("Plaintiff"), proceeding *pro se*, filed an amended complaint ("Complaint") against Curascript, Inc. and Express Scripts, Inc. (collectively, the "Defendants") alleging reverse job discrimination based on her Caucasian race. Doc. No. 22. On March 20, 2009, Defendants filed an Answer to the Complaint. Doc. No. 23. On January 15, 2010, Defendants filed a Motion for Summary Judgment against Plaintiff. Doc. No. 45. Plaintiff did not file a response in opposition to the Motion for Summary Judgment. On April 8, 2010, the Court entered an order ("Order") granting Defendants' Motion for Summary Judgment. Doc. No. 49. The Court noted that during her employment with Defendants,

Plaintiff received two written warnings in January 2007 "for, among other things, inappropriate communications with patients." *Id.* at 2. Thereafter, Plaintiff was terminated after providing incorrect co-pay information to a patient and becoming hostile to a team leader assigned to assist her. *Id.* The Court stated:

> In the instant case, Plaintiff has not identified any person of another race who demonstrated similar inappropriate behavior towards patients. Accordingly, Plaintiff has not shown that she was treated less favorably than a similarly situated individual of another race and has failed to establish a prima facie case.

*Id.* at 5. The Court found that Defendants met their burden of articulating a nondiscriminatory reason for terminating Plaintiff's employment. *Id.* at 6. On April 9, 2010, Judgment was entered in Defendants' favor. Doc. No. 50.

On May 7, 2010, Plaintiff filed a Notice of Appeal and a Motion for Permission to Appeal In Forma Pauperis and Affidavit (the "Motion"). Doc. Nos. 52, 53. In describing the nature of her action, Plaintiff states that she was illegally fired because of her race. *Id.* at 4. Plaintiff states that after being fired by Defendants, she obtained new employment, "which ended 18 [months] later when employer quit allowing [Plaintiff] to accommodate her intolerance to the office's hot humid air." *Id.* Plaintiff states that she "was fired and this bean paying job has resulted in some bean paying unemployment." *Id.*

## I. APPLICABLE LAW

Section 1915 of 28 U.S.C. and Fed. R. App. P. Rule 24 govern the determination of applications to proceed *in forma pauperis*. *See Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd*, 589 F.2d 1113 (5th Cir. 1979).[1] Section 1915 (a) provides, in relevant part:

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

. . .

(3) **An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.**

28 U.S.C. § 1915 (a) (1996) (emphasis supplied). Congress also mandates that the Court shall dismiss a case at any time that it determines that the action or appeal taken *in forma pauperis* is frivolous or malicious. 28 U.S.C. § 1915 (e)(2)(B)(i). Section 1915 (e), 18 U.S.C., provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2) (1996) (formerly Section 1915 (d)).

Rule 24(a) of the Rules of Appellate Procedure provides:

**(a) Leave to Proceed in Forma Pauperis.**

**(1) Motion in the District Court.** Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

**(A)** shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

**(B)** claims an entitlement to redress; and

      **(C)** states the issues that the party intends to present on appeal.

. . .

      **(4) Notice of District Court's Denial.** The district clerk must immediately notify the parties and the court of appeals when the district court does any of the following:

          **(A)** denies a motion to proceed on appeal in forma pauperis;

          **(B)** certifies that the appeal is not taken in good faith; or

          **(C)** finds that the party is not otherwise entitled to proceed in forma pauperis.

Fed. R. App. P. 24 (a) (bold emphasis supplied). An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915 (a)(3); *see Coppedge v. United States*, 369 U.S. 438 (1962). "Good faith" within the meaning of Section 1915 must be judged by an objective, not a subjective, standard. *See Coppedge*, 369 U.S. 438; *see also United States v. Wilson*, 707 F. Supp. 1582, 1583 (M.D. Ga. 1989), *aff'd.,* 896 F.2d 558 (11th Cir. 1990).

      A petitioner demonstrates good faith when he seeks appellate review of any issue that is not frivolous. *See Coppedge v. United States*, 369 U.S. 438 (1962); *see also Farley v. United States*, 354 U.S. 521 (1957)(absent some evident improper motive, the applicant establishes good faith by presenting any issue that is not plainly frivolous); *Hayes v. United States*, 258 F.2d 400 (5th Cir. 1958); *Meadows v. Trotter*, 855 F.Supp. 217, 219 (W.D. Tenn. 1994); *U.S. v. Durham*, 130 F.Supp. 445 (D.C. 1955) ("good faith" means the existence of a substantial question or one which has merit and is not frivolous); *Sejeck v. Singer Mfg. Co*., 113 F. Supp. 281 (D.C. N.J. 1953)("in good faith" means that points on which appeal is taken are reasonably arguable); *U.S. v. Gicinto*, 114 F. Supp. 929 (W.D. Mo. 1953)(the application should be denied if the trial court is of opinion that the appeal is frivolous, and without merit, and a futile proceeding).

## II. APPLICATION

Plaintiff seeks to appeal this Court's Order granting Defendant's Motion for Summary Judgment. *See* Notice of Appeal at Doc. No. 52. Notably, Plaintiff failed to file a response to the Motion for Summary Judgment. Nonetheless, the Court analyzed Plaintiff's claim and found that she failed to establish a prima facie case of job discrimination. The Court also found that Defendants met their burden in offering a nondiscriminatory basis for ending Plaintiff's employment. In the Motion, other than stating she was fired based on her race, Plaintiff offers no factual or legal basis to support her claim. Based on these circumstances, it is recommended that the Court find Plaintiff's claim to be without merit and futile. Accordingly, it is **RECOMMENDED** that Plaintiff's Motion to Proceed on Appeal *In Forma Pauperis* (Doc. No. 53) be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on June 17, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties
Hon. John Antoon II
Clerk of the United States Court of Appeals
for the Eleventh Circuit, U.S.C.A. Case # 10-12205-F